UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

THERESA ZUB,

    Plaintiff,

v.

MSC CRUISES, S.A.,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff THERESA ZUB, sues Defendant M.S.C. CRUISES, S.A., a Swiss corporation, doing business as M.S.C. CRUISE LINES, and alleges:

## JURISDICTION, VENUE AND PARTIES

1. This is an action for damages in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

2. Plaintiff THERESA ZUB is sui juris and a U.S. citizen and permanent resident.

3. Defendant M.S.C. CRUISES, S.A. ("M.S.C.") is a Swiss corporation with its principal place of business in South Florida. At all material times Defendant M.S.C. CRUISES, S.A. has done business under the fictitious name "M.S.C. CRUISE LINE."

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1333, based on admiralty jurisdiction. The causes of action asserted are maritime torts occurring on navigable waters and implicating traditional maritime activity,

specifically the operation of a passenger cruise vessel. The Plaintiff is entitled to a jury trial pursuant to *Leslie v. Carnival Corp.*, 22 So.3d 561, 562 (Fla. 3d DCA 2008).

5. At all material times, Defendant has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, in the Southern District of Florida, so that in personam jurisdiction over the Defendant exists in the United States District Court for the Southern District of Florida.

6. At all material times, the Defendant has engaged in the business of operating maritime cruise vessels for paying passengers, including the Plaintiff.

7. In the operative ticket contract, the Defendant requires fare paying passengers such as the Plaintiff to bring any lawsuit against the Defendant arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Accordingly, venue is proper in this Court as dictated per Defendant's unilateral contract of adhesion.

8. Venue is also proper in this district because the Defendant's principal places of business are located within this district.

9. Plaintiff has complied with all conditions precedent to bringing this action. The Plaintiff reported the accident to the ship's medical crew shortly after it occurred, and an incident report and written medical records were prepared onboard the ship. Furthermore, the Plaintiff gave the Defendant a timely written notice of claim as required by the ticket contract.

## LIABILITY AND DAMAGE ALLEGATIONS COMMON TO ALL COUNTS

10. At all material times, the Defendant was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the *M/V Seashore.*

11. At all material times, the Defendant operated, managed, maintained and was in exclusive control of the *M/V Seashore*.

12. At all material times, including the injury date of March 24th, 2022, the Plaintiff was a fare paying passenger aboard the *M/V Seashore* and in that capacity was lawfully present aboard the vessel.

13. On or about March 24th, 2022, while aboard the *M/V Seashore* as a fare paying passenger, the Plaintiff was descending a staircase from Deck 20 to Deck 19 midship, as she attempted to return to her stateroom from the yacht club pool deck around 9:30 a.m. As she descended, she lost her footing when she slipped and fell on an unreasonably slippery and dangerous step which she was unable to objectively perceive.

14. As a result, Plaintiff fell back and onto her rear on to the staircase and sustained serious bodily injury including but not limited to a posterior malleolar fracture to the right ankle.

15. Her pain and suffering was needlessly prolonged by Defendant's callous attitude and refusal to conduct radiographic studies on the fractured bone despite Plaintiff's insistence.

16. At all material times, at the time and place referred to in the preceding paragraph, the Plaintiff traversed an area of the ship that was a high traffic area so that

the Defendant knew or should have known of the presence of the slippery stairs, but failed to undertake reasonable safety measures for passenger safety.

17. The slippery step in the area where the Plaintiff fell was static or had existed for a sufficient period of time before the Plaintiff's fall that the Defendant had actual or constructive knowledge of its presence and an opportunity to correct or warn of it.

18. As an alternative to the allegations in the preceding paragraph, the Defendant at all material times had actual or constructive knowledge of the slippery step in the area where the Plaintiff fell due to the regularly and frequently recurring nature of the hazard.

19. As a direct and proximate result of the fall described above, the Plaintiff was injured in and about her body and extremities, suffered pain there from, sustained mental anguish, disfigurement, disability and the inability to lead a normal life. Furthermore, she sustained loss of earnings and a loss of earning capacity in the past and future, and incurred medical, hospital, and other out of pocket and health care expenses in the past and future as a result of her injuries. These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

## COUNT I - NEGLIGENT FAILURE TO MAINTAIN

20. The Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 19 above and further alleges the following matters.

21. At all material times the Defendant owed the Plaintiff, as a fare paying

passenger on board its passenger vessel the *M/V Seashore*, a duty of reasonable care for her safety, including a duty to take reasonable care in maintaining its vessel so as to ameliorate, correct or avoid conditions creating a risk of harm for passengers.

22. At all material times, the *M/V Seashore* contained a condition creating a risk of harm to passengers to-wit: the slippery step(s) of the stairs in the *Seashore's* Interior staircase from Deck 20 to Deck 19 of the Yacht Club pool deck as described in Paragraph 13 above. This slippery step created a risk to individuals descending the steps, specifically the risk that they would lose their footing and fall as the Plaintiff did.

23. At all material times, the Defendant knew or should in the exercise of reasonable care have known the slippery step described in the preceding paragraph and Paragraph 13, due to the length of time the condition had existed, prior similar incidents, the recurring or static nature of the condition, the interior staircase's location proximate to the yacht club pool and lack of elevators to Deck 20 from Deck 19, pedestrian traffic or other sources of knowledge, and therefore had actual or constructive notice of it.

24. Notwithstanding its actual or constructive notice of the risk creating condition on the slippery step, as described in the preceding two paragraphs, the Defendant failed at all material times to take adequate measures to inspect steps for risk creating conditions and to correct them once detected, and thus failed to exercise reasonable care in maintaining its vessel. The Defendant was thereby negligent.

25. As a direct and proximate result of the Defendant's negligent maintenance of its vessel as described above, the Plaintiff fell as described in Paragraph 13 above and as a proximate result has sustained and will continue in the future to sustain the damages

alleged in Paragraph 19 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and the costs of this action.

## COUNT II – GENERAL NEGLIGENCE

26. The Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 19 above and further alleges the following matters.

27. At all material times the Defendant owed the Plaintiff, as a fare paying passenger on board its passenger vessel the *M/V Seashore*, a duty of reasonable care for her safety, including a duty to take reasonable care operating the vessel so as to ameliorate, correct or avoid conditions creating a risk of harm for passengers.

28. At all material times, the *M/V Seashore* contained a condition creating a risk of harm to passengers to-wit: the slippery step(s) of the stairs in the *Seashore's* Interior staircase from Deck 20 to Deck 19 of the Yacht Club pool deck as described in Paragraph 13 above. This slippery step created a risk to individuals descending the steps, specifically the risk that they would lose their footing and fall as the Plaintiff did.

29. At all material times, the Defendant knew or should in the exercise of reasonable care have known the slippery step described in the preceding paragraph and Paragraph 13, due to the length of time the condition had existed, prior similar incidents, the recurring or static nature of the condition, the interior staircase's location proximate to the yacht club pool and lack of elevators to Deck 20 from Deck 19, pedestrian traffic or other sources of knowledge, and therefore had actual or constructive notice of it.

30. Notwithstanding its actual or constructive notice of the risk creating condition on the slippery step, as described in the preceding two paragraphs, the Defendant failed at all material times to take adequate measures to ensure the staircases had adequate slip resistance and to monitor the condition of the steps to avoid risk-creating conditions and to correct them once detected, and thus failed to exercise reasonable care in operating its vessel. The Defendant was thereby negligent.

31. As a direct and proximate result of the Defendant's negligent maintenance of its vessel as described above, the Plaintiff fell as described in Paragraph 13 above and as a proximate result has sustained and will continue in the future to sustain the damages alleged in Paragraph 19 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and the costs of this action.

### COUNT III - NEGLIGENT FAILURE TO WARN

32. The Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 19 above and further alleges the following matters.

33. At all material times the Defendant owed the Plaintiff, as a fare paying passenger on board its passenger vessel the *M/V Seashore*, a duty of reasonable care for her safety, including a duty to take reasonable care in warning passengers including the Plaintiff adequately of onboard conditions creating a risk of harm to them.

34. At all material times, the *M/V Seashore* contained a condition creating a risk of harm to passengers to-wit: the slippery step(s) of the stairs in the *Seashore's* Interior

staircase from Deck 20 to Deck 19 of the Yacht Club pool deck as described in Paragraph 13 above. This slippery step created a risk to individuals descending the steps, specifically the risk that they would lose their footing and fall as the Plaintiff did.

35. At all material times, the Defendant knew or should in the exercise of reasonable care have known the slippery step described in the preceding paragraph and Paragraph 13, due to the length of time the condition had existed, prior similar incidents, the recurring or static nature of the condition, the interior staircase's location proximate to the yacht club pool and lack of elevators to Deck 20 from Deck 19, pedestrian traffic or other sources of knowledge, and therefore had actual or constructive notice of it.

36. Notwithstanding its actual or constructive notice of the risk creating condition on the slippery step, as described in the preceding two paragraphs, the Defendant failed at all material times to take adequate measures to warn passengers, including the Plaintiff, of the unreasonably slippery step described in and seen in Paragraph 13, including failures to provide adequate warning signage, caution cones, warning tape, ushers, or oral or written warnings or notices of the condition. The Defendant was thereby negligent.

37. As a direct and proximate result of the Defendant's negligent failure to warn described above, the Plaintiff lost her footing and fell as described in Paragraph 13 above and as a proximate result has sustained and will continue in the future to sustain the damages alleged in Paragraph 19 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and the costs of this action.

## COUNT IV - NEGLIGENT DESIGN

38. The Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 19 above and further alleges the following matters.

39. At all material times the Defendant owed the Plaintiff, as a fare paying passenger on board its passenger vessel the *M/V Seashore*, a duty of reasonable care for her safety, including a duty to take reasonable care in designing staircases and the flooring thereon so as to alert pedestrians to the steps presence as described in Paragraph 13 above.

40. At all material times, the *M/V Seashore* contained a condition creating a risk of harm to passengers to-wit: the slippery step(s) of the stairs in the *Seashore's* Interior staircase from Deck 20 to Deck 19 of the Yacht Club pool deck as described in Paragraph 13 above. This slippery step created a risk to individuals descending the steps, specifically the risk that they would lose their footing and fall as the Plaintiff did.

41. At all material times, M.S.C. actively participated in the design of the subject vessel and the dry dock modifications and refurbishments that were conducted periodically since then.

42. M.S.C. had a contractual right to be involved in the design and construction of the vessel with the shipyard and the subsequent dry dock modifications and refurbishments thereafter.

43. M.S.C. had an employee or agent present at the shipyard throughout the construction and during the subsequent dry dock modifications and refurbishments of the vessel to approve, inspect, modify, and supervise the design and construction of the

MSC CRUISES, S.A.
CASE NO.:

vessel at all material times.

44. At all material times the steps on the Defendant's vessels interior staircases fleet-wide or class-wide exposed pedestrians to the dangers described in Paragraph 13 above, due to the Defendant's participation in the design of the steps and flooring thereon.

45. At all material times, the Defendant knew or should in the exercise of reasonable care have known the propensity of the step to become slippery as described in the preceding paragraph and Paragraph 13, due to the recurring or static nature of slippery conditions, marble or tile flooring, no nosing or anti-skid strips, applicable industry standards, or other sources of knowledge, and therefore had actual or constructive notice of this propensity.

46. Notwithstanding its actual or constructive notice of the propensity of its onboard steps to be slippery as described in Paragraph 13 above, the Defendant failed at all material times to modify the design of its onboard steps, flooring, or both so as to correct or ameliorate this risk creating condition and was thereby negligent.

47. As a direct and proximate result of the Defendant's negligent design of the staircase of the interior portion of the Yacht Club Pool deck descending from Deck 20 to Deck 19 of the *M/V Seashore,* the flooring thereon, or both, the slippery steps described in Paragraph 13 was an unreasonably dangerous condition that developed and continued to exist at the time of the Plaintiff's fall described in Paragraph 13.

48. As a further direct and proximate result of the Defendant's negligent design of the staircase of the interior portion of the Yacht Club Pool deck descending from Deck

ZUBI V. M.S.C. CRUISES, S.A.
CASE NO.:

20 to Deck 19 of the *M/V Seashore,* the flooring thereon, or both, the Plaintiff lost her footing on the slippery step and fell as described in Paragraph 13 above, and thereby has sustained and will continue in the future to sustain the damages described in paragraph 19 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and the costs of this action.

### DEMAND FOR JURY TRIAL

The Plaintiff hereby demands trial by jury of all issues so triable as of right.

**Dated:**   **October 10th, 2022**
             **Miami, Florida**

                              **Respectfully submitted,**

                    BY:  _____
                         RAUL G. DELGADO II, ESQ.
                         Florida Bar No. 094004
                         raul@cruiselawyermiami.com
                         filing@cruiselawyermiami.com
                         DELGADO TRIAL ATTORNEYS
                         *Attorneys for Plaintiff*
                         10631 N. Kendall Drive, Suite 130
                         Miami, FL 33176
                         Ph:            (305) 596-7911
                         Toll Free:    1(877) 372-0817

                    BY:  _____
                         RAUL G. DELGADO II, ESQ.